UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEVIN D. CRICHLOW,
                  Plaintiff

-vs-

DEPUTY K. CROWLEY, et al.,
                  Defendants

DECISION AND ORDER,
MOTION SCHEDULING
ORDER

13-CV-6624  CJS

_____

This is an action pursuant to 42 U.S.C. § 1983 in which Kevin Crichlow ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges that DOCCS staff violated his federal constitutional rights in various ways. On November 20, 2013, Plaintiff commenced this action. The Complaint (Docket No. [#1] is a rambling, sixty-six page document purporting to assert numerous claims going back several years. For example, the Complaint alleges that: 1) between 2008-2013[1] staff at Wende Correctional Facility ("Wende") allowed numerous fights between inmates and "mini-riots" to occur; 2) in September 2012 and October 2012 medical staff at Wende denied Plaintiff medical care; 3) in August 2013 Plaintiff was assaulted by inmates and corrections officers; 4) in response to Plaintiff filing inmate grievances, staff retaliated against him by filing false misbehavior reports; 5) a Wende staff member lost one of Plaintiff's legal documents, and he was also denied access to legal materials; 6) Wende staff took items from Plaintiff's cell; 7) Wende staff failed to intervene when Plaintiff was being assaulted by another inmate; 8) Wende staff denied Plaintiff showers, exercise and sanitary living conditions; and 9) Wende staff discriminated against Plaintiff based on a

_____

[1]Plaintiff filed this action on November 20, 2013. Since the statute of limitations for claims under § 1983 is three years, it appears that any claims based on alleged constitutional violations that occurred prior to November 20, 2010 are time-barred.

disability (hearing loss).

On June 11, 2014, Defendants filed a pre-answer Motion for Summary Judgment [#9]. Defendants maintain that certain official-capacity claims are barred, and that Plaintiff failed to exhaust his administrative remedies as to most of his claims prior to commencing this action, in violation of 42 U.S.C. § 1997e(a). In that regard, Defendants maintain that prior to commencing this action, Plaintiff exhausted only one administrative grievance, which concerned only a small portion of the matters about which he is complaining in this action. Further, Defendants contend that even with regard to the exhausted matters, the Complaint fails to constitute an actionable claim.

On June 25, 2014, the Court issued a Motion Scheduling Order [#10] which, *inter alia*, directed Plaintiff to file and serve any response to the summary judgment motion by July 25, 2014. On July 2, 2014, the Court received from Plaintiff a document entitled "Notice of Motion" [#11], purporting to request a six-month extension of his time to respond to the summary judgment motion, due to the fact that he was going to be having surgery on his wrist. As to that, Plaintiff indicated that after his surgery he would not be able to write. The motion also requested that the Court appoint plaintiff *pro bono* counsel. In that regard, Plaintiff indicated that he had been unsuccessful in trying to obtain his own representation.

On July 7, 2014, the Court received a three-page, handwritten document [#13] from Plaintiff entitled "Declaration," stating that he had surgery on his hand and wrist on June 19, 2014. The Court observes, in that regard, that it does not appear that such surgery has had any great impact on Plaintiff's ability to write. The "Declaration" primarily consists of allegations that Plaintiff was assaulted at the hospital following his surgery by Corrections Officers Gawronski and Manocchio, who are not a parties to this action. The Declaration further appears to allege that medical staff at Wende are denying Plaintiff medical treatment,

and that other staff have filed false misbehavior reports against him.  Plaintiff does not indicate why he filed the declaration, nor does the declaration request any particular relief.

On July 25, 2014, the deadline for Plaintiff to file his response to Defendants' summary judgment motion, the Court received a two-page handwritten request [#12] from him, again requesting an extension of time to respond to the motion.  Plaintiff indicates that he is now being housed in Wende's Special Housing Unit ("SHU") and is being denied access to his legal papers.  Plaintiff further states that he is attempting to gather copies of inmate grievances that he filed, so that he can submit them to the Court.  Additionally, he asks this Court to issue an order directing staff at Wende to allow him to make photocopies and to give him his personal property.  However, Plaintiff added a postscript to the submission, indicating that he has now been given his personal property.

## DISCUSSION

At the outset, Plaintiff's application for appointment of counsel is denied.  There is no constitutional right to appointed counsel in civil cases.  However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1.  Whether the indigent's claims seem likely to be of substance;
2.  Whether the indigent is able to investigate the crucial facts concerning his claim;
3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
4.  Whether the legal issues involved are complex; and
5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*,

802 F.2d 58 (2d Cir. 1986).

Plaintiff's cursory application does not demonstrate that appointment of an attorney is warranted in this action.  In that regard, it is unclear whether Plaintiff's claims are likely to be of substance, and in any event, the issue raised by the subject summary judgment motion is relatively simple, namely, whether Plaintiff exhausted his claims through the prison inmate grievance process before filing this action.  To assist Plaintiff in that regard, the Court will direct Defendants to provide him with copies of all of his inmate grievances filed at Wende from November 2010 onward, as well as any appeals filed at the facility level or with the Central Office Review Committee (CORC) concerning those grievances.  Accordingly, Plaintiff's motion for appointment of counsel is denied at this time.

To the extent that Plaintiff's "Declaration" [#13] can be construed as an attempt to supplement the claims in the Complaint, that request is also denied.  In that regard,

> Rule 15(d) permits the court, upon motion of a party, to allow the filing of a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). Supplemental relief may include the addition of new defendants and new claims, if adequately related to the originally stated claims.

*Smith v. Haag*, No. O8–CV–6360CJS, 2009 WL 3073976 at *1 (W.D.N.Y. Sep.22, 2009) (Payson, M.J.) (citations and internal quotation marks omitted).  Supplemental pleadings are "limited to subsequent events related to the claim or defense presented in the original pleading." 3 MOORE'S FEDERAL PRACTICE 3d § 15.30 (2010).  Here, the allegations in the "Declaration" [#13] do not appear to be sufficiently connected to the allegations in the underlying Complaint [#1].  Additionally, it does not appear that Plaintiff has exhausted his administrative remedies concerning the new alleged incidents, as required by 42 U.S.C. §

1997e(a).  As to that, although "failure to exhaust" is an affirmative defense that must be raised by the defendant, and not a pleading requirement, it clearly appears to the Court that since the complained-of events are so recent, Plaintiff could not possibly have fully exhausted his administrative remedies.[2]

Plaintiff's request [#12] for an order directing Wende staff to allow him to make photocopies is similarly denied.  The Court is aware that DOCCS facilities have photocopy policies, even for inmates confined to SHU.  Plaintiff should attempt to obtain copies pursuant to those policies.

Plaintiff's requests [#11] [#12] for an extension of time to respond to Defendants' summary judgment motion are granted in part, to the extent that he is granted additional time to file his responsive papers as detailed below.

## ORDER

Accordingly, it is hereby

ORDERED, that Plaintiff's application [#13] is denied; and it is further

ORDERED, that Plaintiff's applications [#11][#12] are granted in part, as follows: Defendants are directed to provide Plaintiff with copies of all of his inmate grievances filed at Wende between November 2010 and November 2013, as well as any appeals filed at the facility level or with the Central Office Review Committee (CORC) concerning those grievances, within twenty (20) days of the date of this Order; Plaintiff shall thereafter have thirty (30) days to file and serve his opposition to the summary judgment motion, and Defendants shall thereafter have fifteen (15) days to file and serve any reply; and it is further

---

[2]That, of course, usually requires an inmate to exhaust his appeals at the facility level and then file an appeal to with CORC.

ORDERED, that in accordance with Local Rules of Civil Procedure, Rule 7.3, the Court will not hear oral argument on this motion.  The Court will issue a written decision at its earliest opportunity.

SO ORDERED.

Dated:     Rochester, New York
           August 6, 2014

                        ENTER:


                        /s/ Charles J. Siragusa
                        CHARLES J. SIRAGUSA
                        United States District Judge